UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE/SPARTANBURG DIVISIONS

| | |
|---|---|
| Dennis Eugene Ross, ) | |
| ) | Cr. No.: 7:07-cr-00401-GRA-1 |
| Petitioner, ) | C/A No.: 6:10-cv-01891-GRA |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Petitioner's *pro se* Motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Petitioner seeks relief from this Court's denial of his petition for relief under 28 U.S.C. § 2241 and from a criminal conviction entered by this Court. For the reasons stated herein, the Court will deny Petitioner's Motion.

## **Background**

Petitioner pled guilty to possession of a firearm and ammunition after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On November 15, 2007, this Court sentenced Petitioner to 180 months imprisonment, to be followed by five years supervised release. On direct appeal, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Ross*, 312 F. App'x 512, 513 (4th Cir. 2008) (per curiam).

On July 21, 2010, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2241 (the "§ 2241 Motion"). Petitioner also requested entry of default. This

Court denied the Request for Entry of default and ordered that Petitioner's § 2241 be dismissed without prejudice. *Ross v. Mitchell*, 6:10-cv-1981-GRA, 2011 WL 1321601, at *2–3 (D.S.C. Apr. 4, 2011).

Petitioner filed the current Motion on July 25, 2011.

## **Standard of Review**

A party moving for relief under any portion of Rule 60(b) "'must clearly establish the grounds therefor to the satisfaction of the district court,' . . . and such grounds 'must be clearly substantiated by adequate proof.'" *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) (internal citations omitted).

Petitioner brings his Motion *pro se*. District courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments

for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Petitioner seeks relief from both the Court's judgment dismissing his § 2241 Motion and the Court's underlying judgment of criminal conviction.  The Court separately addresses each portion of Petitioner's Motion.

### I.     Judgment Dismissing the § 2241 Motion

Petitioner first argues this Court lacked subject matter jurisdiction over the § 2241 proceedings and therefore, under Rule 60(b)(6), he is entitled to relief from this Court's dismissal of his § 2241 Motion.  Rule 60(b)(6) authorizes a court to grant relief from a judgment for any "reason that justifies relief" not set forth elsewhere in Rule 60(b).  A party seeking relief under Rule 60(b)(6) must show that "extraordinary circumstances" exist warranting relief.  *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000).

Petitioner has provided no explanation for his position.  Indeed, if this Court lacked jurisdiction over the proceedings, the appropriate course of action would be for the Court to dismiss the § 2241 Motion.  *See, e.g.*, *Keys v. Owen*, No. 8:09-cv-2978-PMD-BHH, 2009 WL 6325653, at *2 (D.S.C. Dec. 16, 2009) (recommending dismissal of § 2241 motion for lack of subject matter jurisdiction).  Thus, Petitioner is not entitled to relief from this Court's judgment dismissing his § 2241 Motion.

**II.     Judgment of Conviction**

Petitioner also argues that, in his criminal case, this Court lacked personal and subject matter jurisdiction, and therefore his criminal conviction is void. Accordingly, Petitioner argues, he is entitled to relief under Rule 60(b). As Petitioner acknowledges, though, Rule 60(b) does not provide a vehicle by which he may challenge his criminal conviction. *United States v. Grapes*, 408 F. App'x 766, 767 (4th Cir. 2011) (per curiam) (internal citations omitted). Thus, Petitioner's second argument is without merit.[1]

IT IS THEREFORE ORDERED that Petitioner's Motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 39) be DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August  2 , 2011
Anderson, South Carolina

---

[1]    The Court has considered construing this argument as a claim for habeas corpus relief under 28 U.S.C. § 2255. However, in the proceedings on Petitioner's § 2241 Motion, which featured the same jurisdiction argument Petitioner asserts here, Petitioner made clear that he is not seeking relief under § 2255. Accordingly, this Court will not attempt to recharacterize Petitioner's Rule 60(b) Motion as one under § 2255.

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.